COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL CASE NO.    04 10519 GAO

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br><br>v.<br><br>NIKOS M. LINARDAKIS<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWERS TO COMPLAINT, WITH COUNTERCLAIMS

### GENERAL OBJECTIONS

The Defendant, Nikos Linardakis, objects to the complaint seeking payment of note in and around total of $192,349.03.

The Defendant further objects to the collection attempts of the Plaintiff. Plaintiff's lack of informing Defendant of an outstanding debt, Plaintiff's failed attempts to provide any letters or correspondence to the Defendant at Defendant's current address, when efforts of repayment plans and offers of settlement have been made to all outstanding loans by Defendant through Sallie Mae, an independent lending institution, which has consolidated all loans of the Defendant.  The complaint filed by the Plaintiff is an unreasonable request, lacks documentation of original loans, and may contain loans that are currently being paid by the Defendant in the consolidated Sallie Mae and University direct payments. In addition, given the continued existing financial hardships of the Defendant, the Defendant hereby denies the stated amount due.  Collection practices by the Plaintiff have created undue continued hardships to the Defendant by interfering with Defendant's workplace when direct collection of the debt have not been adequately made, such as simply addressing a letter to the Defendant's correct name and address.

1

**Defense**

1. Jurisdiction is agreed to the best of his knowledge.
2. Defendant denies address of residence as listed. Nikos M. Linardakis (hereinafter "Linardakis") has not resided at the stated address for over 2 years. Defendant's correct address is: 2 Alice Bradley Lane, Foxboro, MA 02035.
3. Defendant can neither agree nor deny the amount of principal and interest listed as indebted to Plaintiff. Defendant can neither agree nor deny if the loans were sold, transferred, or assigned by the Plaintiff.
4. Defendant denies failure to repay the sum due to the lack of adequate collection practices by the Plaintiff to collect such sums (no letters or communication has ever been received by the Defendant to know of the existence of any debt, in addition, an incorrect address was used by the Plaintiff and no attempt was made to correct this inaccuracy). This can be confirmed with the Certificate of Indebtedness from the Dept of Health and Human Services attached by the Plaintiff. The Defendant's address has been known to the University and to the general public for the past two years; however, Plaintiff never sent any letter and Defendant never received any correspondence. A few loans listed resemble Sallie Mae loans which have been consolidated and payments have been made to Sallie Mae. See Exhibit "A" attached hereto and incorporated herein detailing possible duplication of loans and current payment status. A formal confirmation of the loans is necessary by all parties.
    a. Defendant filed and listed the notes on record with Defendant bankruptcy Case #00-20812 gec on or around Jan. 25, 2000 in Salt Lake City, Utah. No payment plans were made with the Plaintiff due to lack of employment. Due to financial hardship, minimal to no payments were made. Recent request for forbearance, settlement and/or payment plan were made by Defendant through Sallie Mae and payments were made to Sallie Mae in a timely and accurate manner.
    b. Defendant can neither agree nor deny the origination amount of the notes without a copy of the original signed document. Defendant can neither agree nor deny the interest charges.
    c. Due to the unknown amount of the Plaintiff's request, Defendant can neither agree nor deny item 4 of the complaint. Defendant thus denies the allegations.

## Counterclaim

1. Defendant denies amount due and requests accuracy of original loans and payments made. Defendant applied all student loans into a consolidation loan through Sallie Mae, and a majority of the loans described may have been included in the Sallie Mae consolidation. Origination of loans must be determined. Copies of all loan documents are requested.
2. Due to financial hardships, Defendant made attempts to create a reasonable payment plan with the Plaintiff through a third party (Sallie Mae). A request is made to determine the origination of the loans, determine if amounts are due, and to create a repayment schedule with the Plaintiff if applicable.
3. Defendant made attempts to payoff balances of loans on a settlement basis and created consolidated payment plans with over a dozen other loans that are all current. Due to lack of knowledge of this debt, no record of its origin, and lack of communication by Plaintiff, the debt is neither confirmed nor denied.
4. Defendant offers consolidation options with other student loans and requests payment plans or consolidation with existing payment schedule for any amounts that may be due.

**Wherefore Defendant demands:**

1. That the court discharge Defendant from this summons.
2. That the court allow the Defendant to enter into negotiations with Plaintiff for the repayment of any agreed amount due and reasonable payment become established based on the establishment of actual loan amounts due, requesting confirmation with Sallie Mae and other lending institutions, and reviewing Defendant's employment, and current financial hardships.
3. Plaintiff to contact Defendant through his correct name and address only: Nikos M. Linardakis, 2 Alice Bradley Lane, Foxboro, MA 02035.
4. To offer a solution to this note, Defendant is willing to review the notes due, establish reasonable payment plans for the loans that may be accurate and due, and/or to settle an amount of the loan to be agreed by Plaintiff and to establish a resolution of Defendant's credit history in conclusion of the disputed amount as "payment in full" or "payment current."

Respectfully submitted and
Signed by Defendant,

_____
Nikos M. Linardakis                              Dated: 8/13/04

*Exhibit A*

P.O. BOX 9500
WILKES BARRE PA 18773-9500

(888) 272-5543

NIKOS M LINARDAKIS
2 ALICE BRADLEY LN
FOXBORO MA 02035-1467

Dear NIKOS M LINARDAKIS,                                              07/30/04

This is notification that the loans starred(*) below have been paid
in full because they have been consolidated into a new loan.

We wish you the best of luck in the future.  Thank you!

Customer Service

**Loan Information**  *If you have questions or concerns about your account, write to us at the address provided above.*
The list below includes all the loans in your account with us.  Loans marked with a star (*) are the loans referred to in this letter.

| LOAN DATE | ORIGINAL LOAN AMOUNT | OUTSTANDING PRINCIPAL | INTEREST RATE | LOAN PROGRAM |
|---|---|---|---|---|
| * 12/06/89 | $ 4,000.00 | $ .00 | 5.410 | FFELP |
| * 12/13/90 | 4,000.00 | .00 | 5.410 | FFELP |
| * 01/08/88 | 4,000.00 | .00 | 5.410 | FFELP |
| 10/09/92 | 13,334.00 | .00 | 9.250 | HEAL |
| 10/07/91 | 20,000.00 | .00 | 9.250 | HEAL |
| 09/30/90 | 26,666.00 | .00 | 9.250 | HEAL |

PHONE (888) 272-5543  •  FAX (800) 848-1949  •  TDD/TTY (888) 833-7562  •  24 HRS/7 DAYS  •  www.salliemae.com

66180396



P116       SYSTEM       0001

Page 2                                                                                           07/30/04

## Loan Information
The list below includes all the loans in your account with us. Loans marked with a star (*) are the loans referred to in this letter.

| LOAN DATE | ORIGINAL LOAN AMOUNT | OUTSTANDING PRINCIPAL | INTEREST RATE | LOAN PROGRAM |
|---|---|---|---|---|
| 11/30/89 | $ 20,000.00 | $      .00 | 8.950 | HEAL |
| 10/24/90 | 3,917.00 |         .00 | 8.560 | MED ALP |
| 10/24/90 | 3,917.00 | 7,859.06 | 6.000 | MED ALP |

P116    SYSTEM 0001

```
P.O. BOX 9500
WILKES BARRE PA 18773-9500                                        (888) 272-5543
```

NIKOS M LINARDAKIS
2 ALICE BRADLEY LN
FOXBORO MA 02035-1467

IIl....l.lll....ll.l.l....ll.l.l.ll.l...lll....l.lll...l

Dear NIKOS M LINARDAKIS,                                          08/06/04

This is notification that the loans starred(*) below have been paid
in full because they have been consolidated into a new loan.

We wish you the best of luck in the future.  Thank you!

Customer Service

**Loan Information** *If you have questions or concerns about your account, write to us at the address provided above.*
The list below includes all the loans in your account with us.  Loans marked with a star (*) are the loans referred to in this letter.

| LOAN DATE | ORIGINAL LOAN AMOUNT | OUTSTANDING PRINCIPAL | INTEREST RATE | LOAN PROGRAM |
|---|---|---|---|---|
| * 01/28/94 | $ 4,756.00 | $   .00 | 4.170 | FFELP |
| * 02/17/94 |   3,744.00 |     .00 | 4.170 | FFELP |
| * 11/30/89 |   7,500.00 |     .00 | 8.000 | FFELP |
| * 10/05/90 |   7,500.00 |     .00 | 8.000 | FFELP |
| * 07/17/91 |   4,000.00 |     .00 | 5.410 | FFELP |
| * 07/19/91 |   7,500.00 |     .00 | 8.000 | FFELP |

PHONE (888) 272-5543  •  FAX (800) 848-1949  •  TDD/TTY (888) 833-7562  •  24 HRS/7 DAYS  •  www.salliemae.com

66179698



P116    SYSTEM    0001

Page 2                                                                                           08/06/04

## Loan Information
The list below includes all the loans in your account with us.  Loans marked with a star (*) are the loans referred to in this letter.

| LOAN DATE | ORIGINAL LOAN AMOUNT | OUTSTANDING PRINCIPAL | INTEREST RATE | LOAN PROGRAM |
|---|---|---|---|---|
| * 07/27/92 | $ 4,000.00 | $ .00 | 5.410 | FFELP |
| * 07/13/92 | 7,500.00 | .00 | 8.000 | FFELP |
| * 01/31/94 | 9,366.00 | .00 | 5.260 | FFELP |
| 07/30/04 | 37,916.68 | 37,916.68 | 4.250 | SM |

P116    SYSTEM 0001